Glenn S. Hackett, Esq. County Attorney, Niagara
You have asked whether an elected town official or person running for elective town office may serve as a voting machine custodian in a town election.
The county board of elections is required to appoint as many voting machine technicians and voting machine custodians as are necessary for the proper preparation and repair of the machines (Election Law, §3-302 [1]). The technicians are responsible for supervising the preparation of the voting machines and inspection of the machines to ensure that they are in proper working order (id., § 3-302 [2]). The technicians have authority to recommend to the board of elections the rejection of a machine as not in suitable mechanical condition for the election (ibid.). The voting machine custodians, under the direction of the board of elections, are in charge of the preparation of the voting machines (id., § 3-302 [3]).
Under the prior Election Law, a person was not qualified to serve as a custodian of voting machines who was a candidate for any office to be voted upon by the voters of the district for which he was to perform his custodial duties or, with specified exceptions, who held any public office (Election Law of 1949, § 39 [3], repealed by L 1976, ch 233, § 1). Section 39 (3) also included restrictions as to inspectors of elections. With the reenactment of the Election Law in 1976, the coverage of section 39 with respect to inspectors of elections and custodians of voting machines, respectively, was split into two separate sections (Election Law, §§ 3-302, 3-400). The disqualification of persons running for office to serve as election inspectors was continued and provisions were added prohibiting persons holding public offices from serving as election inspectors (id., § 3-400 [6]). The disqualification of persons running for public office and holding public office that were included in former section 39 with respect to voting machine custodians were not transferred into section 3-302 of the current Election Law.
Thus, the current Election Law is silent concerning the eligibility of persons running for public office and holding a public office to serve as voting machine custodians. We have found no evidence of a legislative intent in the reenactment of the Election Law in 1976 specifically to allow these persons to serve as voting machine custodians. In our view, a person running for office in a town election or holding an elective town office should not serve as election machine custodian for a town election. The custodian's duties as representative of the board of elections in the preparation of voting machines is a significant and important function, vital to the integrity of the election process. We believe that service as a custodian by a person on the ballot at the same election removes the impartiality that is vital to the process. The regularity and integrity of the election must be beyond doubt. At least an appearance of impropriety would occur should a person running for office also serve as the custodian. We believe the same concerns apply to a town office holder. The activity in politics that unavoidably accompanies status as an elected official, in our view, similarly should disqualify these persons.
The county has ample authority to prohibit persons running for office and holding elective offices from service as voting machine custodians (General Municipal Law, § 806; Municipal Home Rule Law, §10[1][ii][a][1]).
We conclude that a person running for or holding an elective town office should not serve as a voting machine custodian in a town election.